# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CLIFFORD HUANG,<br><br>Plaintiff,<br><br>v.<br><br>CIARA B. CARNEY,<br>*also known as* CIARA LYNN SHIP,<br>*also known as* CLAIRE THOMAS,<br>*also known as*, IRIS ROSE,<br>*also known as* CIARA CARNEY,<br><br>Defendant. | Case No. 2:19-cv-00845-GMN-BNW<br><br>**ORDER** |

Presently before the Court are plaintiff Clifford Huang's motion for service of process (ECF No. 5) and motion to extend time to effect service pursuant to Fed. R. Civ. P. 4(m) (ECF No. 6). Huang moves to serve defendant Ciara B. Carney by email under either Rule 4(f) or Rule 4(e) because, he alleges, Carney's surreptitious conduct has made it impossible to locate her residence or serve her personally. The Court will deny Huang's motion for service of process under Rule 4(f) because Huang has not alleged that Carney is located in a foreign country, and it will deny the motion under Rule 4(e) because Huang has not made the requisite showing under the Nevada Rules of Civil Procedure to effect service of process by alternative means. However, given Huang's diligent efforts to locate and serve Carney, the Court will grant his motion to extend the time to effect service under Rule 4(m).

## I. BACKGROUND

Huang alleges that he is the victim of a fraudulent scheme operated by Carney and various Doe defendants. (ECF No. 5 at 2.) According to Huang's complaint, Huang and Carney met

through social media in 2017, and Carney introduced herself as "Iris Rose."[1] (ECF No. 1 at 4 (Compl.).) The two communicated through Snapchat, a social media platform.[2] (*Id.*) The scheme began, Huang alleges, with Carney's initial request to borrow $200.00. (*Id.*) Carney supposedly agreed to repay the borrowed money once her employer deposited her paycheck. (*Id.*) Subsequently, Carney allegedly fabricated a series of "false stories," mostly involving financial hardship, to acquire additional money from Huang. (*Id.* at 2.)

Huang alleges that, in total, Carney extorted and defrauded him of at least $59,378.23. (ECF No. 5 at 2.) Huang further alleges that Carney received these funds through several channels, including a Google Wallet account associated with the following email addresses: irisroseee@gmail.com and idontlikemoney74@gmail.com. (*Id.* at 6.)

According to Huang, the alleged scheme began to unravel when he discovered that the name "Iris Rose" was an alias. Huang alleges that he discovered this information when he tried to make a wire transfer into an account that he believed belonged to "Iris Rose"; the wire was rejected because the account belonged to "Ciara B. Carney." (*Id.* at 6–7.) Huang goes on to allege that he confronted Carney about her alias and the series of supposed falsehoods. (*Id.* at 7.) In response, Carney "admitted that she had concocted each and every statement" to Huang. (*Id.*) Huang, then, filed his complaint with this Court on May 17, 2019. (*Id.* at 1.)

Huang has been unable to identify Carney's current address. Included with Huang's motion is a declaration of a licensed process server who declared under penalty of perjury that he performed a background check on Carney and identified that Carney might reside at 2205 Tosca Street, #103, Las Vegas, Nevada 89128 (the "Tosca Street address"). (ECF No. 5, Ex. A.) Also included is an affidavit by a second process server detailing his efforts to locate Carney. (ECF No. 5, Ex. B.) These efforts included searching Clark County's marriage, foreclosure, traffic, family court, and district court records, as well as a search through the Nevada Department of Motor Vehicles,

---

[1] Plaintiff's claims include (1) Fraudulent Inducement; (2) Common Law Fraud; (3) Unjust Enrichment; (4) Conversion/Trover; and (5) Nevada Civil Rico under Nev. Rev. Stat. § 207.470

[2] "Snapchat" is "the name of a social media service for sending pictures, messages, and videos that are only available to be seen for a limited amount of time." *Snapchat*, Cambridge Dictionary, https://dictionary.cambridge.org/us/dictionary/english/snapchat (last visited Jan. 6, 2020).

Facebook, and the United States Postmaster. (*Id.*) Through these efforts, the second process server identified 3300 North Tenaya Way, #2053, Las Vegas, Nevada 89129 (the "North Tenaya address") and the Tosca Street address as Carney's possible residence. (*Id.*)

Huang's efforts to effect service of process on Carney at the North Tenaya and Tosca Street addresses have been unsuccessful. The affidavits of a third process server detail that after five attempts to serve Carney at the North Tenaya address, the process server learned that Carney did not reside there. (*Id.*) Further, a resident of the Tosca Street address informed the process server that Carney previously lived at that address but had moved out four months before the service attempt. (*Id.*)

Huang asserts that Carney's extensive lies about her name, email address, location, and career have made it unfeasible to effect "regular service of process." (ECF No. 5 at 3.) Therefore, Huang moves to serve Carney by email at the email addresses associated with the Google Wallet account that Carney allegedly used to receive money from Huang. (*Id.*)

## II. SERVICE OF PROCESS

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Instead, it requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* To that end, service of process is governed by Rule 4 of the Federal Rules of Civil Procedure, which delineates between service of individuals located within the United States and individuals located in a foreign country. *See* Fed. R. Civ. P. 4(e)–(f).

### A. Rule 4(f).

Rule 4(f) governs service of individuals located in a foreign country. It provides that service on these individuals is proper by, *inter alia*, any court-ordered means not prohibited by international agreement. Fed. R. Civ. P. 4(f)(3). The Ninth Circuit has previously endorsed service of process by email under Rule 4(f). *Rio Props. Inc.*, 284 F.3d at 1018.

Huang is cognizant that Rule 4(f) speaks to service of individuals located in a foreign country. However, Huang argues that the Court has broad discretion under Rule 4(f) to authorize

service on domestic defendants who—like Carney—have allegedly evaded service of process. He further argues that Carney's alleged efforts to conceal her personal information justify alternative service of process under Rule 4(f).

The Court disagrees. To interpret the Federal Rules of Civil Procedure, the Court applies the rules of statutory interpretation. *In re Rhodes Cos. LLC*, 475 B.R. 733, 739 (D. Nev. 2012) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 347–62 (1981)). Thus, the Court's analysis must begin with the rule's plain language. *Id.* If a rule's language is plain and unambiguous, the Court applies it according to its terms. *See Guido v. Mount Lemmon Fire Dist.*, 859 F.3d 1168, 1170 (9th Cir. 2017).

Here, Rule 4(f) plainly and unambiguously applies solely to individuals located in a foreign country. Huang has not alleged that Carney is located in a foreign country. Therefore, Rule 4(f) does not apply.

Although Huang asserts that the Carney's alleged "surreptitious conduct" justifies service of process under Rule 4(f), he cites no authority in support of this contention. Huang did identify case law where district courts have allowed service to be effected by email, but those authorities involve either litigants located in foreign countries or requests to effect service of process by email under Rule 4(e) in tandem with state law. *Compare Rio Props.*, 284 F.3d at 1012–1019 (affirming an order allowing service of process by email upon a Costa Rican entity under Rule 4(f)), *and Viz Communications, Inc. v. Redsun*, No. C-01-04235 JF, 2003 WL 23901766, at *1 (N.D. Cal. Mar. 28, 2003) (involving service of process by email under Rule 4(f) upon a Japanese entity and a French citizen located in Japan), *with Keller Williams Realty, Inc. v. Lapeer*, No. 4:08-CV-1292, 2008 WL 2944601, at *2–3 (S.D. Tex. July 31, 2008) (authorizing service by email under Rule 4(e) in accordance with state law), *and D.R.I., Inc. v. Dennis*, No. 03 Civ. 10026 (PKL), 2004 WL 1237511 (S.D.N.Y. June 3, 2004) (same).

Huang did not cite–and the Court could not find–any authorities that enable the Court to allow a plaintiff to serve a domestic defendant by email under Rule 4(f). Therefore, Huang's motion to serve Carney under Rule 4(f) will be denied.

**B.     Rule 4(e).**

Rule 4(e) governs service of individuals located within a judicial district of the United States. Fed. R. Civ. P. 4(e). It provides that service is proper by serving an individual in accordance with law of the state where the district court is located. Fed. R. Civ. P. 4(e)(1). This Court is located in the District of Nevada. The Nevada Rules of Civil Procedure ("NRCP"), in turn, allow for service "through any alternative service method" if the movant can: (1) demonstrate "that the service methods provided in [NRCP] 4.2, 4.3, and 4.4(a) are impracticable"; (2) provide evidence demonstrating that the movant exercised due diligence to locate and serve the defendant; (3) provide evidence of the defendant's known or last-known contact information, "including the defendant's address, phone numbers, email addresses, social media accounts, or any other information used to communicate with the defendant"; and (4) state why the proposed service method comports with due process. NRCP 4.4(b).

Regarding the first prong, NRCP 4.2 tracks federal Rule 4(e)(2) and permits service of an individual by either delivering a copy of the summons and complaint to the individual personally, leaving the copies at the individual's dwelling with a person of suitable age and discretion, or delivering the copies to an agent authorized by appointment or by law to receive service of process. *See* NRCP 4.2(a); Fed. R. Civ. P. 4(e)(2).[3] Further, NRCP 4.3 governs service of individuals located outside Nevada or outside the United States, and NRCP 4.4(a) governs service in a manner prescribed by statute. NRCP 4.3; NRCP 4.4(a).

Here, the Court finds that Huang has not made the requisite showing under NRCP 4.4(b)—and, by extension, federal Rule 4(e)(1)—to effect service of process upon Carney by email. It is clear to the Court that Huang meets the first prong of the four-part test set forth above because he has made a good-faith effort to locate and serve Carney under Rule 4(e)(2). Huang's process servers conducted an extensive search of online databases and various public records and

---

[3] The Court notes that NRCP 4.2 allows for other methods of service that are inapplicable to the issues before the Court. *See* Nev. R. Civ. P. 4.2(b) (service upon minors or incapacitated persons).

identified the Tosca and North Tenaya addresses as Carney's possible residence. Huang's process server attempted to serve Carney at the Tosca address only to learn that she had not resided there for several months. Several attempts were made to serve Carney at the North Tenaya address but to no avail. Thus, Huang has demonstrated that service is impracticable under NRCP 4.2. Further, given that Huang has not alleged that Carney is located outside Nevada, and given that there is no applicable statute that prescribes a particular method of service, service under NRCP 4.3 and NRCP 4.4(a) is impracticable because they do not apply. Therefore, the Court finds that Huang has demonstrated that service under NRCP 4.2, 4.3, and 4.4(a) is impracticable.

Additionally, Huang's efforts to locate and serve Carney under Rule 4(e)(2) also demonstrate that he has exercised due diligence under NRCP 4.4(b)(2)(A)(i), satisfying the second part of the four-part test.

However, the Court finds that Huang failed to satisfy the third part of the four-part test. Huang alleges in his Complaint that he and Carney met through an unidentified social media platform and then began communicating through Snapchat. However, Huang did not identify any of Carney's social media accounts. Further, it is unclear to the Court whether Huang and Carney ever communicated through a medium other than Snapchat or the unidentified social media platform.

Finally, regarding the fourth element, the Court finds that Huang has not adequately explained why his proposed service method comports with due process. Huang alleged that the Google Wallet account that Carney used to receive money from Huang was associated with the irisroseee@gmail.com and idontlikemoney74@gmail.com email addresses. However, Huang has not established that Carney uses or has ever used those email addresses to send or receive communications. *See Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1013 (9th Cir. 2002) (endorsing service by email in part because the plaintiff established that email was the defendant's preferred method of communication and the method "most likely" to reach the defendant); *Keller Williams Realty, Inc. v. Lapeer*, No. 4:08-cv-1292, 2008 WL 2944601, at *2 (S.D. Tex. July 31, 2008) (allowing plaintiff to effect service by email after plaintiff proved that defendant used the proffered email address to send communications within the last two months).

Nor has Huang proven that the email addresses are valid by, for example, sending "test emails that have not 'bounced back' or returned" as undeliverable. *See Sport Lisboa e Benfica – Futebol SAD v. Doe 1*, No. CV 18-2978-RSWL-E, 2018 WL 4043182, at *3 (C.D. Cal. Aug. 21, 2018). In fact, Huang does not allege that he ever communicated with Carney by email.

Therefore, the Court finds that Huang has failed to establish that serving Carney via the proffered email addresses is, as due process requires, "reasonably calculated to provide notice and an opportunity to respond." *Rio Props.*, 284 F.3d at 1017 (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Accordingly, the Court will deny Huang's motion to serve Carney by email under Rule 4(e)(1).[4]

## III. EXTENSION OF TIME

Rule 4 provides that plaintiff must serve defendant "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). If the plaintiff shows "good cause" for failing to serve the defendant within the 90-day period, the Court "must extend the time for service for an appropriate period." *Id.*; *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (citing version of Rule 4(m) with a 120-day deadline). In the absence of good cause, the Court may extend the time for service upon a showing of excusable neglect. *Lemoge*, 587 F.3d at 1198. Further, the Court has broad discretion to extend the time for service. *Id.*

Courts must determine on a case-by-case basis whether the serving party has shown good cause. *In re Sheehan*, 253 F.3d at 512. Generally, good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). A showing of good cause requires more than inadvertence or mistake of counsel. *Id.* "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d at 512 (quotation omitted).

---

[4] The Court notes that although Huang argues in his motion for service by email in accordance with Nevada law, Huang cited, as "relevant authority," a now-superseded version of Nevada's rule for service by publication. (*See* ECF No. 5 at 4.) That rule is now contained in NRCP 4.4. *See* NRCP 4.4(c). To the extent that Huang seeks to serve defendants by publication under NRCP 4.4, his motion is denied because he failed to address the requirements contained therein. *See id.* (requiring the movant to, for example, "suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant actual notice of the proceedings").

Here, the Court has already found that Huang has been diligent in his efforts to locate and serve Carney. In light of this diligence, the Court finds that there is good cause to extend the deadline for Huang to effect service of process. Therefore, the Court will grant Huang's motion for an extension.

**IV.    CONCLUSION**

IT IS THEREFORE ORDERED that Huang's Motion for Service of Process (ECF No. 5) is DENIED without prejudice.

IT IS FURTHER ORDERED that if Huang wishes to file another motion requesting service by alternative means, he must do so by January 24, 2020.

IT IS FURTHER ORDERED that Huang's Motion to Extend Time to Effect Service Pursuant to Fed. R. Civ. P. 4(m) (ECF No. 6) is GRANTED. Huang's new deadline for serving Carney is March 9, 2020.

DATED: January 8, 2020

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE