# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

CLIFFORD HUANG,

    Plaintiff,

v.

CIARA B. CARNEY,
*also known as* CIARA LYNN SHIP,
*also known as* CLAIRE THOMAS,
*also known as*, IRIS ROSE,
*also known as* CIARA CARNEY,

    Defendant.

Case No. 2:19-cv-00845-GMN-BNW

**ORDER**

Before the Court is plaintiff Clifford Huang's motion for service of process by publication (ECF No. 8). The Nevada Rules of Civil Procedure ("NRCP") list several requirements that a movant must meet before the Court can authorize service by publication. Huang addressed some, but not all, of these requirements and the Court will therefore deny his motion.

**I.    Background.[1]**

On August 15, 2019, Huang moved the Court to allow him to serve Carney via email under NRCP 4.4(b). (ECF No. 5.) The Court denied Huang's motion because he did not address all of NRCP 4.4(b)'s requirements. Namely, Huang did not identify any of Carney's social media accounts and did not explain why service by email was consistent with due process. (ECF No. 7 at 6; *see also* NRCP 4.4(b)(2)(A)(ii); NRCP 4.4(b)(2)(B).) Now, Huang moves the Court to allow him to serve Carney via publication under NRCP 4.4(c). (ECF No. 8.)

---

[1] Huang is familiar with the factual allegations in this matter, which the Court set forth in its January 9, 2020 order. (ECF No. 7.) The Court will not repeat the allegations here except where necessary.

**II.    Service of process.**

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Instead, it requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* To that end, service of process is governed by Rule 4 of the Federal Rules of Civil Procedure.

Rule 4(e) governs service of individuals located within a judicial district of the United States. FED. R. CIV. P. 4(e). It provides that service is proper by serving an individual in accordance with law of the state where the district court is located. FED. R. CIV. P. 4(e)(1). This Court is located in the District of Nevada. The Nevada Rules of Civil Procedure ("NRCP"), in turn, allow for service by publication. NRCP 4.4(c).

A litigant who desires to effect service by publication must meet eight requirements. NRCP 4.4(c).[2] The litigant must (1) establish that "the service methods provided in [NRCP] 4.2,

---

[2]    NRCP 4.4 provides:

(c) **Service by Publication.**   If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be made by publication.
   (1) **Conditions for Publication.**   Service by publication may only be ordered when the defendant:
      (A)  cannot, after due diligence, be found;
      (B)  by concealment seeks to avoid service of the summons and complaint; or
      (C)  is an absent or unknown person in an action involving real or personal property under Rule 4.4(c)(3).
   (2) **Motion Seeking Publication.**   A motion seeking an order for service by publication must:
      (A)  through pleadings or other evidence establish that:
         (i)  a cause of action exists against the defendant who is to be served; and
         (ii)  the defendant is a necessary or proper party to the action;
      (B)  provide affidavits, declarations, or other evidence setting forth specific facts demonstrating the efforts that the plaintiff made to locate and serve the defendant;
      (C)  provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any special statutory requirements;
      (D)  suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant actual notice of the proceedings; and
      (E)  if publication is sought based on the fact that the defendant cannot be found, provide affidavits, declarations, or other evidence establishing the following information:
         (i)  the defendant's last-known address;
         (ii)  the dates during which the defendant resided at that location; and
         (iii)  confirmation that the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found.

4.3, and 4.4(a) and (b) are impracticable";[3] (2) demonstrate that the defendant cannot, after due diligence, be found, or that the defendant seeks to avoid service of process through concealment; (3) establish through pleadings or other evidence that a cause of action exists against the defendant; (4) demonstrate that the defendant is a necessary or proper party to the action; (5) set forth specific facts demonstrating the efforts plaintiff made to locate and serve the defendant; (6) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought; (7) suggest one or more newspapers in which the summons should be published that are reasonably calculated to give the defendant actual notice; and (8) provide the defendant's last-known address, the dates during which defendant lived at that address, and confirmation that plaintiff is unaware of any other address at which defendant has resided since that time or at which defendant can be found. NRCP 4.4(c). Huang fails to establish the first and sixth requirements.

The Court finds that Huang has not made the requisite showing under NRCP 4.4(c)—and, by extension, federal Rule 4(e)(1)—to effect service of process upon Carney by publication. When the Court previously denied Huang's motion to serve Carney by email under NRCP 4.4(b), it found that Huang had not "adequately explained why his proposed service method comports with due process." (ECF No. 7 at 6:18–6:19.) Specifically, this court found that Huang had identified at least two of Carney's email addresses but had not asserted whether Carney "uses or ever used those email addresses to send or receive communications." *Id.* at 6:21–6:22. Huang, further, had not established that the email addresses were valid "by, for example, sending test emails that have not bounced back or returned as undeliverable." *Id.* at 7:1–7:2. Thus, the Court found that Huang did not meet the standard to effect service under NRCP 4.4(b). But the Court did ***not*** find that service under NRCP 4.4(b) was impracticable.

---

[3] NRCP 4.2 tracks federal Rule 4(e)(2) and permits service of an individual by either delivering a copy of the summons and complaint to the individual personally, leaving the copies at the individual's dwelling with a person of suitable age and discretion, or delivering the copies to an agent authorized by appointment or by law to receive service of process. NRCP 4.2(a); Fed. R. Civ. P. 4(e)(2). NRCP 4.3 governs service of individuals located outside Nevada or outside the United States. NRCP 4.4(a) governs service in a manner prescribed by statute. And NRCP 4.4(b) governs service "through any alternative service method."

1 | Now, however, impracticability under NRCP 4.4(b) is exactly what Huang must establish if he desires to serve Carney by publication under NRCP 4.4(c). He did not do so. Instead, Huang explains that "[i]n the previous motion, [he] sought service of process via e-mail. In this motion, [he] seeks permission to serve . . . via publication in the Las Vegas Review Journal." (ECF No. 8 at 6:7–6:10.) This does not establish that service by email under NRCP 4.4(b) is impracticable. Huang must *explain* why service by e-mail is impracticable.

Additionally, Huang did not address NRCP 4.4(c)'s sixth requirement that he "provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any special statutory requirements." NRCP 4.4(c)(2)(C). The Court has already issued a summons directed at Carney. It does not contain the information required by the rule and Huang has not moved for a new summons that does. Thus, the Court will deny his motion on this basis, too.

However, the Court finds that Huang meets the remaining six requirements under NRCP 4.4(c). Huang's motion and its supporting affidavits demonstrate that Huang hired several process servers to try and identify Carney's residence. Huang's process servers searched a variety of Nevada's and Clark County's databases, identified Carney's last-known address, and attempted to serve her there and at other addresses where Carney resided. (ECF No. 9 at 9–27.) Huang's motion, therefore, establishes NRCP(c)'s second, fifth, and eighth requirements because they: show that Huang exercised due diligence but could not locate Carney; set forth specific facts demonstrating Huang's efforts to locate Carney; provide Carney's last-known address and the dates during which she lived there; and establish that Huang is unaware of any other address where Carney resides at this time.

Regarding the third requirement, a cause of action is "[a] group of operative facts giving rise to one or more bases for suing" or a "legal theory of a lawsuit." *Cause of Action*, BLACK'S LAW DICTIONARY (11th ed. 2019). Huang's theory, set forth in his pleadings, is that Carney defrauded him of several thousand dollars through the use of lies and fictitious names. Thus, Huang meets the third requirement, too. Further, Carney is the only named defendant in this

action and the Court finds that she is a necessary and proper party.  Accordingly, Huang also meets the fourth requirement.

Finally, Huang meets NRCP 4.4(c)'s seventh requirement because he suggested that Carney's summons be published in the Las Vegas Review-Journal.  (ECF No. 8 at 6.)  Huang asserts that this newspaper "covers the entire State of Nevada." (*Id.*)  Carney's last-known address is here in Las Vegas, Nevada.  Thus, the Court finds that Huang's proposed newspaper is reasonably calculated to give Carney actual notice.  *Cf. Strohmeyer v. Belanger*, No. 3:14-cv-00661-RCJ-WGC, 2019 WL 4044015, at *4 (D. Nev. Aug. 27, 2019) (approving service by publication through the *Reno Gazette-Journal* for a defendant who lived in the Reno area).

In sum, the Court will deny Huang's motion because he failed to establish (1) why service under NRCP 4.4(b) is impracticable and (2) because he failed to address the requirement that the published summons "briefly summariz[e] the claims asserted and the relief sought." *See* NRCP 4.4(c).  If Huang chooses to again move the Court to allow for service by publication, he must do so by March 23, 2020 and include the information currently lacking.  Huang is instructed that the Court cannot grant him the relief he seeks unless he addresses each of the NRCP's requirements attendant to that relief.[4]

**III. Conclusion.**

IT IS THEREFORE ORDERED that Huang's Motion for Service of Process (ECF No. 8) is DENIED without prejudice.

IT IS FURTHER ORDERED that if Huang wishes to file another motion requesting service by alternative means, he must do so by March 23, 2020.

DATED: March 2, 2020.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court notes that Huang appears to have moved to serve Carney *and* the Doe defendants by publication.  Huang alleges that the Doe defendants are either Carney's alter egos or "parties who actively conspired or aided and abetted [Carney] in her fraudulent and criminal scheme." ECF No. 1 at 3.  To the extent that the Doe defendants are indeed defendants separate from Carney, Huang has not met the standard to serve them by publication.  For example, Huang has not identified the Doe defendants' last-known addresses.  *See* NRCP 4.4(c)(2)(E)(i).