# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CLIFFORD HUANG,<br><br>    Plaintiff,<br><br> v.<br><br>CIARA B. CARNEY, et al.<br><br>    Defendants. | Case No. 2:19-cv-00845-GMN-BNW<br><br>**ORDER** |

Before the Court is plaintiff Clifford Huang's second motion for service of process by publication (ECF No. 13). Huang has met all of the requirements necessary for service by publication under the Nevada Rules of Civil Procedure ("NRCP"). Therefore, the Court will grant his motion.

**I. Background.[1]**

On August 15, 2019, Huang moved the Court to allow him to serve Carney via email under NRCP 4.4(b). (ECF No. 5.) The Court denied Huang's motion because he did not address all of NRCP 4.4(b)'s requirements. Namely, Huang did not identify any of Carney's social media accounts and did not explain why service by email was consistent with due process. (ECF No. 7 at 6; *see also* NRCP 4.4(b)(2)(A)(ii); NRCP 4.4(b)(2)(B).)

Huang then moved to effect service of process by publication under NRCP 4.4(c). (ECF No. 8) This Court found that Huang had met six of NRCP 4.4(c)'s eight requirements. (ECF No. 10.) However, this Court denied the motion because Huang did not explain why service by email

---

[1] Huang is familiar with the factual allegations in this matter, which this Court set forth in its January 9, 2020 order. (ECF No. 7.) The Court will not repeat the allegations here except where necessary.

under NRCP 4.4(b) was impracticable nor address NRCP 4.4(c)(2)(C)'s requirement that the proposed language of the summons briefly summarize the claims asserted, the relief sought, and any special statutory requirements. (*Id.* at 4.) Now, Huang again moves to serve by publication and purports to remedy the procedural issues this Court identified in its prior two orders.

**II.     Service of process.**

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Instead, it requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* To that end, service of process is governed by Rule 4 of the Federal Rules of Civil Procedure.

Rule 4(e) governs service of individuals located within a judicial district of the United States. FED. R. CIV. P. 4(e). It provides that service is proper by serving an individual in accordance with law of the state where the district court is located. FED. R. CIV. P. 4(e)(1). This Court is located in the District of Nevada. The Nevada Rules of Civil Procedure ("NRCP"), in turn, allow for service by publication. NRCP 4.4(c).

A litigant who desires to effect service by publication must meet eight requirements. NRCP 4.4(c).[2] The litigant must (1) establish that "the service methods provided in [NRCP] 4.2,

---

[2]     NRCP 4.4 provides:

(c) **Service by Publication.**   If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be made by publication.
  (1) **Conditions for Publication.**   Service by publication may only be ordered when the defendant:
      (A) cannot, after due diligence, be found;
      (B) by concealment seeks to avoid service of the summons and complaint; or
      (C) is an absent or unknown person in an action involving real or personal property under Rule 4.4(c)(3).
  (2) **Motion Seeking Publication.**   A motion seeking an order for service by publication must:
      (A) through pleadings or other evidence establish that:
          (i) a cause of action exists against the defendant who is to be served; and
          (ii) the defendant is a necessary or proper party to the action;
      (B) provide affidavits, declarations, or other evidence setting forth specific facts demonstrating the efforts that the plaintiff made to locate and serve the defendant;
      (C) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any special statutory requirements;
      (D) suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant actual notice of the proceedings; and
      (E) if publication is sought based on the fact that the defendant cannot be found, provide affidavits, declarations, or other evidence establishing the following information:

4.3, and 4.4(a) and (b) are impracticable";[3] (2) demonstrate that the defendant cannot, after due diligence, be found, or that the defendant seeks to avoid service of process through concealment; (3) establish through pleadings or other evidence that a cause of action exists against the defendant; (4) demonstrate that the defendant is a necessary or proper party to the action; (5) set forth specific facts demonstrating the efforts plaintiff made to locate and serve the defendant; (6) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought; (7) suggest one or more newspapers in which the summons should be published that are reasonably calculated to give the defendant actual notice; and (8) provide the defendant's last-known address, the dates during which defendant lived at that address, and confirmation that plaintiff is unaware of any other address at which defendant has resided since that time or at which defendant can be found. NRCP 4.4(c). Huang fails to establish the first and sixth requirements.

Here, the Court will grant Huang's motion because he satisfies the eight requirements imposed by NRCP 4.4(c). Regarding the first requirement, Huang has established that the service methods in NRCP 4.2, 4.3, 4.4(a), and 4.4(b) are impracticable. Beginning with NRCP 4.2, it is evident that personal or substitute service upon Carney is impracticable at this juncture because Huang attempted to locate Carney and her current dwelling but to no avail. Service under NRCP 4.3 is likewise impracticable because that provision governs service of persons located outside Nevada or the United States. Here, Huang's hired process servers indicate that Carney's last-known address is in Las Vegas, Nevada; in fact, all of the addresses identified by the process servers as previously belonging to Carney are located in Las Vegas, Nevada. There is no

---

      (i) the defendant's last-known address;
      (ii) the dates during which the defendant resided at that location; and
      (iii) confirmation that the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found.

[3] NRCP 4.2 tracks federal Rule 4(e)(2) and permits service of an individual by either delivering a copy of the summons and complaint to the individual personally, leaving the copies at the individual's dwelling with a person of suitable age and discretion, or delivering the copies to an agent authorized by appointment or by law to receive service of process. NRCP 4.2(a); FED. R. CIV. P. 4(e)(2). NRCP 4.3 governs service of individuals located outside Nevada or outside the United States. NRCP 4.4(a) governs service in a manner prescribed by statute. And NRCP 4.4(b) governs service "through any alternative service method."

indication that Carney is located outside Nevada or the United States. Therefore, service under NRCP 4.3 impracticable. Further, service under NRCP 4.4(a) is inapplicable and therefore impracticable because there exists no statute that requires service upon Carney in a particular manner. Finally, service under NRCP 4.4(b) is also impracticable. This Court has already determined that NRCP 4.4(b) allows for service by email. *See Huang v. Carney*, No. 2:19-cv-00845-GMN-BNW, 2020 WL 1044009, at *2 (D. Nev. Mar. 3, 2020). Huang now explains that he communicated with Carney via two email addresses,[4] but recent communications sent to those addresses have returned as undeliverable. (ECF No. 13 at 6.) Because those email addresses are not accepting communications, service via email is impracticable because it is not reasonably calculated to provide Carney with notice and an opportunity to respond. *See Rio Props.*, 284 F.3d at 1017. Therefore, Huang satisfies the first requirement because he has shown that the service methods under NRCP 4.2, 4.3, 4.4(a), and 4.4(b) are impracticable.

Additionally, this Court finds that Huang has satisfied the second, fifth, and eighth requirements. Huang's motion and its supporting affidavits demonstrate that Huang hired several process servers to try to identify Carney's residence. (ECF No. 13-1.) Huang's process servers searched a variety of Nevada's and Clark County's databases, identified Carney's last-known address, and attempted to serve her there and at other addresses where Carney and her acquaintances resided. (*Id.* at 1–16.) Huang's motion, therefore, establishes NRCP 4.4(c)'s second, fifth, and eighth requirements because they: show that Huang exercised due diligence but could not locate Carney; set forth specific facts demonstrating Huang's efforts to locate Carney; provide Carney's last-known address and the dates during which she lived there; and establish that Huang is unaware of any other address where Carney resides at this time.

Regarding the third requirement, a cause of action is "[a] group of operative facts giving rise to one or more bases for suing" or a "legal theory of a lawsuit." *Cause of Action*, BLACK'S LAW DICTIONARY (11th ed. 2019). Huang's theory, set forth in his pleadings, is that Carney

---

[4] The email addresses are: (1) irisroseee@gmail.com; and (2) idontlikemoney74@gmail.com. (ECF No. 13 at 5.)

1  defrauded him of several thousand dollars through the use of lies and fictitious names. Thus,
2  Huang meets the third requirement, too.

3  Further, regarding the fourth requirement, Carney is the only named defendant in this
4  action and this Court finds that she is a necessary and proper party. Accordingly, Huang also
5  meets the fourth requirement.

6  Huang likewise meets the sixth requirement. NRCP 4.4 provides that a litigant who
7  desires to serve her adversary by publication must "provide the proposed language of the
8  summons to be used in the publication, briefly summarizing the claims asserted and the relief
9  sought[.]" NRCP 4.4(c)(2)(C). Thus, NRCP 4.4 speaks to the content of the summons.
10 However, the required content of summonses issued by the federal court is governed by Federal
11 Rule of Civil Procedure 4. *See* Fed. R. Civ. P. 4(a). Rule 4 does not require that a federal
12 summons briefly summarize the claims asserted nor the relief sought. *See id.* Therefore, the
13 requirements of NRCP 4.4(c)(2)(C) are more expansive than the requirements of Rule 4(a).

14 However, this Court finds that Rule 4 is consonant with the Rules Enabling Act and the
15 U.S. Constitution because it does not "abridge, enlarge, or modify any substantive right." *See* 28
16 U.S.C. § 2072; *see also Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003).
17 Therefore, Rule 4 "applies regardless of contrary state law." *Gasperini v. Ctr. for Humanities*,
18 518 U.S. 415, 427 n.7 (1996). Accordingly, Rule 4 will govern the content of the summonses
19 issued in this case and this Court will not ask Huang to modify the summons already issued for
20 Carney at ECF No. 2.

21 Finally, Huang meets NRCP 4.4(c)'s seventh requirement because he suggested that
22 Carney's summons be published in the Las Vegas Review-Journal. (ECF No. 13 at 7.)[5] Huang
23 asserts that this newspaper "covers the entire State of Nevada." (*Id.*) Carney's last-known
24 address is here in Las Vegas, Nevada. Thus, this Court finds that Huang's proposed newspaper is
25 reasonably calculated to give Carney actual notice. *Cf. Strohmeyer v. Belanger*, No. 3:14-cv-

---

[5] In his latest motion, Huang referenced the "Nevada Review Journal" rather than the Las Vegas Review Journal. (ECF No. 13 at 7.) However, Huang correctly identified the Las Vegas Review Journal in his prior motion. (ECF No. 8 at 6.)

00661-RCJ-WGC, 2019 WL 4044015, at *4 (D. Nev. Aug. 27, 2019) (approving service by publication through the *Reno Gazette-Journal* for a defendant who lived in the Reno area).

In sum, this Court will grant Huang's motion to serve Carney by publication in accordance with NRCP 4.4(c) and Federal Rule 4(e)(1). Additionally, Huang filed this motion (originally docketed at ECF No. 11) within the deadline imposed by this Court in its March 2020 order. (ECF No. 10 at 5.) Therefore, this Court finds that there exists good cause to extend the time for service. *See* Fed. R. Civ. P. 4(m). Service will be deemed timely if it is complete May 28, 2020.

Setting aside the order authorizing service by publication, Nevada law enables this Court to order Huang "to make reasonable efforts to provide additional notice . . . to a defendant using other methods of notice, including certified mail, telephone, voice message, email, social media, or any other method of communication.." NRCP 4.4(d)(1). Thus, this Court will also order that Huang send the summons and complaint to the email addresses that he identified in his motion as belonging to Carney. If those emails also return as undeliverable (as the Court expects they will), Huang must attest to that fact in his proof of service (as he did at ECF No. 13-1 at 18).

**III. Conclusion.**

IT IS THEREFORE ORDERED that Huang's motion for service by publication (ECF No. 13) is GRANTED. Service will be timely if complete my May 28, 2020.

IT IS FURTHER ORDERED that Huang must publish the summons and complaint in the Las Vegas Review-Journal at least once a week for a period of four weeks. Service will be deemed complete four weeks from the date of the first publication.

IT IS FURTHER ORDERED that Huang must send a copy of the summons and complaint to (1) irisroseee@gmail.com, (2) idontlikemoney74@gmail.com, and Carney's last-known address. If the email or mail containing the summons and complaint are returned as undeliverable, Huang must attest to this fact in his proof of service.

DATED: April 2, 2020.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE